**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**JONATHAN ROGOFF,**

      **Plaintiff,**

**vs.**                                                       **No. CIV-10-1041 LAM**

**MICHAEL J. ASTRUE, Commissioner**
**of the Social Security Administration,**

      **Defendant.**

## ORDER REGARDING ORDER TO SHOW CAUSE

**THIS MATTER** is before the Court on the Court's second *Order to Show Cause (Doc. 18)* entered in this case. On July 11, 2011, the Court held a hearing on this order to show cause at which counsel for Plaintiff appeared in person, and Plaintiff and counsel for Defendant appeared telephonically. On March 18, 2011, the Court entered an *Order Setting Briefing Schedule (Doc. 9)*, wherein Plaintiff was ordered to file by May 18, 2011 a Motion to Reverse or Remand Administrative Agency Decision with a supporting memorandum of law. On May 25, 2011, the Court entered an *Order to Show Cause (Doc. 11)*, directing Plaintiff by June 8, 2011 to either file a motion to reverse or remand, or file a response showing cause why this case should not be dismissed. On June 9, 2011, a day after it was due, Plaintiff filed his *Response to Order to Show Cause & Unopposed Motion for Extension of Time (Doc. 13)*, in which Mr. Armstrong stated that he missed the deadline to file a motion to reverse or remand because of workload and staffing issues, and that the staffing matter had been resolved. [*Doc. 13* at 1-2]. In that document, Mr. Armstrong asked the Court to extend the deadlines in this case to June 22, 2011 for Plaintiff to file a motion to reverse or remand; August 22, 2011, for Defendant to file a response; and September 6, 2011, for Plaintiff to file a reply. *Id.* at 1-2. On June 14, 2011, the Court entered an order quashing the order

to show cause and granting Plaintiff's motion to extend the deadlines in this case. [*Doc. 14*]. On June 28, 2011, the Court set a telephonic status conference for July 6, 2011 to inquire why Plaintiff had not yet filed his motion to reverse or remand [*Doc. 15*], and Mr. Armstrong failed to appear for the hearing. On July 6, 2011, the Court entered a second ***Order to Show Cause****(Doc. 18)*, and set this hearing for Mr. Armstrong to appear in person to show cause why he should not be held in contempt of Court for his failure to appear telephonically or otherwise at the July 6, 2011 status conference and to file a motion to reverse or remand, and to show cause why the Court should not dismiss this case for failure to prosecute. In the order setting the hearing, the Court required Mr. Armstrong to provide a copy of the show cause order to his client, to obtain his client's signature on it, and to return it to the Court by fax. The Court further required Plaintiff to be present telephonically at the hearing. On July 8, 2011, Mr. Armstrong faxed a letter to the Court stating that he did not receive notice of the July 6 hearing on his primary e-mail for the CM-ECF system, and that his assistant mis-calendared the due date for the motion to reverse or remand. Also on July 8, 2011, Mr. Armstrong file a motion to reverse or remand in this case.

At the July 11, 2011 hearing, Mr. Armstrong stated that he was responsible for neglecting this docket, that he received notice to his Gmail account address of the filings in this case, but that some of the notices did not go through to his work e-mail addresses. He stated that he has not missed a court hearing before this and he apologized to the Court. Mr. Armstrong further stated that he has added a second paralegal to his CM-ECF account to receive notices in his cases, and that Mr. Armstrong was changing servers and has talked with a computer expert to try to resolve the issues. Based on the statements made by Mr. Armstrong at the July 11, 2011 hearing, the Court will take under advisement at this time whether to issue an order finding Mr. Armstrong to be in contempt of Court. The Court suggests that Mr. Armstrong develop a back-up system for double

checking notices in his cases.  The Court cautions Mr. Armstrong about taking on too many cases if he cannot keep track of all of the deadlines.

**IT IS THEREFORE ORDERED** that Mr. Armstrong shall not miss any more deadlines or hearings in his cases before the Court and shall not ask for any more extensions of time absent exceptional circumstances, which does not include press of business.

**IT IS SO ORDERED.**

*Lourdes A. Martínez*
_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**