IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JONATHAN ROGOFF,

    Plaintiff,

v.                      No. CIV-10-1041 LAM

CAROLYN W. COLVIN,
Acting Commissioner of the
Social Security Administration,

    Defendant.

## ORDER GRANTING PLAINTIFF'S
## MOTION FOR SECTION 406(b)(1) ATTORNEY FEES

**THIS MATTER** is before the Court on Plaintiff's *Motion for Order Authorizing Attorneys Fees Pursuant to 42 U.S.C. § 406(B) (Doc. 33)* and memorandum in support [*Doc. 34*], both filed on July 12, 2013. Defendant filed *Defendant's Response to Plaintiff's Motion for an Order Authorizing Attorney's Fees (Doc. 35)* on July 29, 2013, stating that "the Commissioner declines to assert a position on the reasonableness of Plaintiff's request, as she is not the true party in interest." [*Doc. 35* at 1]. Plaintiff filed a *Notice of Completion of Briefing (Doc. 36)* on August 13, 2013. Having considered the motion, response, relevant law, the record in this case, and being otherwise fully advised, the Court makes the findings set forth below and orders that the motion be **GRANTED**.

1

**FINDINGS**

The Court makes the following findings in connection with the motion:

1.  On November 28, 2011, the Court granted Plaintiff's *Motion to Reverse or Remand Administrative Agency Decision (Doc. 19)* and remanded this case to the Commissioner of Social Security (hereinafter, the "Commissioner") for further proceedings, and entered a final judgment. [*Docs. 27* and *28*].

2.  On January 26, 2012, the Court granted Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (hereinafter, "EAJA"), in the amount of $7,066.61. [*Doc. 32*].

3.  Plaintiff received a favorable decision from the Social Security Administration (hereinafter, "SSA") on March 29, 2013. [*Doc. 34-1* at 1]. The Notice of Award, issued April 21, 2013, states that Plaintiff will be paid disability benefits from August 2007 forward. *Id.* at 11. Plaintiff was awarded $73,515.90 in back benefits (*id.*), and the SSA withheld twenty-five percent (25%), or $18,378.97, from Plaintiff's past-due benefits to pay Plaintiff's counsel for his work (*id.* at 13). Therefore, Plaintiff received the difference in these amounts, or $55,136.93, as the balance of his past-due benefits ($73,515.90 - $18,378.97 = $55,136.93).

4.  Plaintiff's counsel states that he has petitioned the SSA for a fee of $6,000.00 for legal services rendered in proceedings before the SSA, pursuant to 42 U.S.C. § 406(a). [*Doc. 34* at 2].

5.  Pursuant to 42 U.S.C. § 406(b), Plaintiff's counsel requests attorney's fees in the amount of $12,378.97, which is the amount remaining from the $18,378.97 (less the $6,000.00 petitioned for) withheld by the SSA from Plaintiff's past-due benefits to pay Plaintiff's counsel.

[*Doc. 34* at 1]. Defendant states in his response that "the Commissioner declines to assert a position on the reasonableness of Plaintiff's request, as [the Commissioner] is not the true party in interest." [*Doc. 35* at 1] (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002)). Defendant further states that the "district court is obligated to act as an 'independent check' on § 406(b) requests to assure that they satisfy the statutory requirement of yielding a 'reasonable' result in particular cases." [*Doc. 35* at 1] (citing *Gisbrecht*, 535 U.S. at 807).

6. Plaintiff's counsel is entitled to an award of attorney's fees pursuant to 42 U.S.C. § 406(b) even though Plaintiff's past-due benefits were obtained following remand. *See McGraw v. Barnhart*, 450 F.3d 493, 495-96 (10th Cir. 2006) ("[W]hen the court remands a Title II Social Security disability case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits[,] [w]e conclude that § 406(b)(1) does permit an award of counsel fees under these circumstances[.]").

7. The Court must ensure that the attorney's fees awarded to Plaintiff's counsel pursuant to 42 U.S.C. § 406(b)(1) are reasonable. *See Wrenn v. Astrue*, 525 F.3d 931, 938 (10th Cir. 2008). Additionally, an attorney's fee award under Section 406(b) for court representation may not exceed twenty-five percent of the past-due benefits awarded to Plaintiff, payable "out of, and not in addition to, the amount of such past-due benefits." *See* 42 U.S.C. § 406(b)(1)(A); *Wrenn*, 525 F.3d at 933. Here, the amount of the fee award sought by Plaintiff's counsel under Section 406(b), *i.e.*, $12,378.97, does not exceed twenty-five percent of the past-due benefits awarded to Plaintiff, *i.e.*, $18,378.98 ($73,515.90 x 25%).

8. The record indicates that Plaintiff's counsel provided quality representation to Plaintiff and was not responsible for any delay in the resolution of this matter.

3

9. The record indicates that Plaintiff's counsel expended at least 39.51 hours representing Plaintiff before this Court.  *See* [*Doc. 34-1* at 17].

10. The record indicates that Plaintiff and his counsel entered into a contingent fee agreement which provided that the attorney's fees for Plaintiff's counsel would be twenty-five percent (25%) of any past-due benefits awarded either by the Court or by the SSA following remand by the Court.  *See* [*Doc. 34-1* at 19].

11. The Court finds that the amount of past-due benefits awarded to Plaintiff was not so large in comparison to the time expended by his counsel as to require a further reduction of fees.  *See Gisbrecht*, 535 U.S. at 808 (explaining that the court should consider whether "the benefits are large in comparison to the amount of time counsel spent on the case").

12. There has been no undue delay in the filing of this motion for Section 406(b)(1) fees and it was filed within a reasonable time after the Commissioner's decision awarding past-due benefits.  *See McGraw*, 450 F.3d at 505 ("A motion for award of fees under § 406(b)(1) should be filed within a reasonable time of the Commissioner's decision awarding benefits.") (citation omitted).  The Commissioner's decision awarding past-due benefits was issued April 21, 2013, and this motion was filed July 12, 2013, which the Court finds reasonable.  *Id.* (stating that decisions on motions for Section 406(b) fees "are committed to the district court's sound discretion"); *see also Early v. Astrue*, No. 07-6294, 295 Fed. Appx. 916, 918-19, 2008 WL 4492602 (10th Cir. Oct. 8, 2008) (unpublished) (upholding the district court's decision that a thirteen-month delay in filing a motion for Section 406(b) fees after the Commissioner's decision awarding past-due benefits was unreasonable).

13. The attorney's fees in the amount of $12,378.97 requested by Plaintiff's counsel pursuant to 42 U.S.C. § 406(b) is reasonable.

14. Because the amount of the attorney's fees awarded Plaintiff pursuant to the EAJA, *i.e.*, $7,066.61, was smaller than the amount of the attorney's fees to be awarded Plaintiff's counsel pursuant to 42 U.S.C. § 406(b), *i.e.*, $12,378.97, the amount of the EAJA fees must be refunded to Plaintiff. *See Gisbrecht*, 535 U.S. at 796 ("Congress harmonized fees payable by the Government under EAJA with fees under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'").

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's ***Motion for Order Authorizing Attorneys Fees Pursuant to 42 U.S.C. § 406(B) (Doc. 33)*** is **GRANTED**;

2. Plaintiff's counsel is awarded attorney's fees in this matter in the amount of **$12,378.97** pursuant to 42 U.S.C. § 406(b); and

3. Upon payment of the Section 406(b) fee, Plaintiff's counsel shall promptly refund to Plaintiff the attorney's fees previously awarded in this matter pursuant to the EAJA in the amount of **$7,066.61**.

**IT IS SO ORDERED.**

_Lourdes A. Martínez_
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**
**Presiding by Consent**